O

# United States District Court
# Central District of California

| | |
|---|---|
| LUIS VILLEGAS,<br><br>        Plaintiff,<br><br>    v.<br><br>DAVID HYOK KWON; DOES 1–10,<br><br>        Defendants. | Case № 2:14-cv-04870-ODW(JEMx)<br><br>**ORDER GRANTING APPLICATION FOR DEFAULT JUDGMENT [14]** |

## I. INTRODUCTION

Plaintiff Luis Villegas, a paraplegic, visited DK Liquor—a business owned by Defendant David Hyok Kwon—and encountered a transaction counter five inches too high to comply with regulations under the Americans with Disabilities Act ("ADA"). Villegas therefore sued Kwon under the ADA and California law, seeking statutory damages and attorneys' fees. When Kwon failed to respond to the Complaint, Villegas moved for entry of default judgment. For the reasons discussed below, the Court **GRANTS** Villegas's Application for Default Judgment.[1] (ECF No. 14.)

## II. FACTUAL BACKGROUND

Villegas is a paraplegic who cannot walk. (Compl. ¶ 1; Villegas Decl. ¶ 2.) He uses a wheelchair for mobility. (Compl. ¶ 1.)

---

[1] After carefully considering the papers filed in support of and in opposition to the Motion, the Court deems the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; L.R. 7-15.

1 In May 2013, Villegas visited DK Liquor at 5860 Imperial Highway in South
2 Gate, California, to shop. (*Id.* ¶¶ 2, 7.) He believes that David Hyok Kwon owns DK
3 Liquor. (*Id.* ¶ 2.) Villegas noticed that the transaction counter was too high for him to
4 use in his wheelchair. (*Id.* ¶¶ 10, 12.) According to Villegas's investigator, the
5 transaction counter is about 41 inches above the finish floor. (Sebastian Decl. ¶ 3.)
6 There does not appear to be any lower portion of the counter. *See* Figure 1.

**Figure 1**



On June 24, 2014, Villegas filed this action against Kwon under the ADA, 42
U.S.C. §§ 12101–213; and California's Unruh Civil Rights Act, Cal. Civ. Code

§§ 51–53. (ECF No. 1.) On July 7, 2014, Villegas's process server personally served Kwon with the Summons and Complaint. (ECF No. 9.) When Kwon never answered or otherwise responded, the Clerk of Court entered default against him. (ECF No. 12.)

On August 7, 2014, Villegas moved for entry of default judgment. (ECF No. 14.) Kwon has filed no opposition. That Application is now before the Court for decision.

### III. LEGAL STANDARD

Federal Rule of Civil Procedure 55(b) authorizes a district court to grant default judgment after the Clerk enters default under Rule 55(a). Local Rule 55-1 requires that the movant submit a declaration establishing (1) when and against which party default was entered; (2) identification of the pleading to which default was entered; (3) whether the defaulting party is a minor, incompetent person, or active service member; and (4) that the defaulting party was properly served with notice.

A district court has discretion whether to enter default judgment. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). Upon default, the defendant's liability generally is conclusively established, and the well-pleaded factual allegations in the complaint are accepted as true. *Televideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917–19 (9th Cir. 1987) (per curiam) (citing *Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977)).

In exercising its discretion, a court must consider several factors, including (1) the possibility of prejudice to plaintiff; (2) the merits of plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake; (5) the possibility of a dispute concerning material facts; (6) whether the defendant's default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. *Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986).

/ / /

/ / /

## IV. DISCUSSION

The Court finds that Villegas properly served Kwon with the Complaint and that Villegas is entitled to default judgment on both his federal and state claims.

**A. Notice**

On July 7, 2014, Villegas's process server personally served Kwon with the Summons and Complaint. (ECF No. 9.) The Court accordingly finds that Villegas's properly effected service in accordance with Federal Rule of Civil Procedure 4(e)(2)(A) and California Code of Civil Procedure section 415.10.

**B. Liability**

Villegas moves for entry of default judgment on both his ADA and Unruh Civil Rights Act claims. The Court finds that the *Eitel* factors weigh in favor of default judgment on both claims.

*1. ADA*

The ADA generally provides that "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a). To prevail on an ADA claim, the plaintiff must establish "that (1) she is disabled within the meaning of the ADA; (2) the defendant is a private entity that owns, leases, or operates a place of public accommodation; and (3) the plaintiff was denied public accommodations by the defendant because of her disability." *Molski v. M.J. Cable, Inc.*, 481 F.3d 724, 730 (9th Cir. 2007).

The Court finds that Villegas has pleaded a valid ADA claim. Villegas is "disabled" within the meaning of the ADA because he is paraplegic and thus cannot walk. *See* 42 U.S.C. § 12102(a)(1)(A) (defining "disability" as "a physical or mental impairment that substantially limits one or more major life activities of such individual," such as being unable to walk). DK Liquor also qualifies as a "place of

public accommodation"—thus subjecting the store to ADA coverage. *See* § 12187(7)(E) (including any sales establishment as a place of public accommodation).

Finally, Kwon, as owner of DK Liquor, failed to remove architectural barriers as required by the ADA. *See* § 12182(b)(2)(A)(iv) (providing that discrimination includes "a failure to remove architectural barriers, and communication barriers that are structural in nature, in existing facilities . . . where such removal is readily achievable"). Villegas encountered a counter height of 41 inches, which is five inches over the maximum allowable height. 36 C.F.R. § 1191, app'x D, at § 904.4.1 ("A portion of the counter surface that is 36 inches (915 mm) long minimum and 36 inches (915 mm) high maximum above the finish floor shall be provided.").

Villegas has therefore pleaded an actionable ADA claim against Kwon, thus entitling him to default judgment on this claim. The Court accordingly **GRANTS** Villegas's Application on this ground.

   2. *Unruh Civil Rights Act*

Villegas also moves for default judgment on his Unruh Civil Rights Act claim. The Unruh Act incorporates the ADA and makes ADA violations similarly actionable under California law. Cal. Civ. Code § 51(f) ("A violation of the right of any individual under the federal Americans with Disabilities Act of 1990 (P.L. 101-3361) shall also constitute a violation of this section."). Since Kwon violated the ADA by not providing a cash counter 36 inches or lower, he likewise violated California law. The Court accordingly **GRANTS** Villegas's Application on this ground.

**C. Damages**

While the ADA does not provide for any type of damages, *see* 42 U.S.C. § 12188(a), the Unruh Civil Rights Act does, Cal. Civ. Code § 52(a) (entitling the prevailing party to treble compensatory damages "but in no case less than four thousand dollars ($4,000)"). Villegas requests the $4,000 statutory minimum. Since

///

the Act provides no discretion otherwise, the Court awards Villegas $4,000.00 in statutory damages.

### D. Attorneys' fees

The Unruh Civil Rights Act authorizes a court to award attorneys' fees to the person denied any rights protected under the Act. Cal. Civ. Code § 52(a). Villegas requests $2,040.00 in attorneys' fees based on 4.8 hours of work at $420 per hour. He argues that the Court should not use the attorneys'-fees schedule for default judgments set forth in the Local Rules because that would impermissibly create a proportionality rule between the low statutory damages and the fee award. *See City of Riverside v. Rivera*, 477 U.S. 561, 580 (1986) (rejecting a proportionality rule between civil-rights damages and attorneys'-fees awards under 42 U.S.C. § 1988).

Villegas also relies on *Blackwell v. Foley*, 724 F. Supp. 2d 1068 (N.D. Cal. 2010), but the Court finds that the reasoning undergirding the rejection of a proportionality rule in that case simply does not apply here. In *Blackwell*, the court rejected the defendant's argument that the court should limit the attorney's-fees award in light of the relatively small damages, reasoning that "damages are not considered the primary purpose of California laws protecting physically disabled persons." *Id.* at 1077. The court noted that California Civil Code section 55 and Health and Safety Code section 19953 require the court to award attorneys' fees when the plaintiff obtains injunctive relief benefitting disabled individuals. *Id.* Finally, the court pointed out that ADA damages are always zero, since the Act does not permit such an award. *Id.*

But in this case, the California legislature provided attorneys will several incentives to undertake the representation. Unlike the ADA, the Unruh Civil Rights Act permits a court to award compensatory damages; in fact, the Act authorizes treble damages. Civ. Code § 52(a). There is therefore no concern that an Unruh Act plaintiff will be necessarily cabined to a pithy statutory-damages award—her attorney can simply establish actual damages and recover up to three times that amount.

Moreover, Villegas obtained no injunctive relief in this case. His counsel thus does not trigger the California Legislature's mandatory attorneys'-fees award. Had he achieved such a result—increased open access for disabled persons—there would be more of a concern for rewarding the attorneys' work. But a default judgment in this case does not change anything at DK Liquor—a result quite different than the civil-rights victories the Supreme Court had in mind in *Rivera*.

By limiting attorneys' fees in this particular case to the schedule approved by the Central District of California, the Court by no means seeks to engraft a proportionality rule onto Unruh Act attorneys'-fees awards. But absent some more compelling need to incentivize attorneys to takes cases that result in little to no benefit to the disabled population, the Court sees no reason to jettison the time-tested attorneys'-fees schedule. The Court accordingly awards Villegas $600.00 in attorneys' fees. *See* L.R. 55-3.

**E.     Costs**

As the prevailing party, Villegas is also entitled to costs as set forth in 29 U.S.C. § 1920, Federal Rule of Civil Procedure 54(d)(1) and Local Rule 54-2. The Court accepts counsel's declaration regarding costs and accordingly awards $420.00 in costs.

## V.     CONCLUSION

For the reasons discussed above, the Court **GRANTS** Villegas's Application for Default Judgment. (ECF No. 14.) The Court awards Villegas $4,000.00 in statutory damages, $600.00 in attorneys' fees, and $420.00 in costs. A default judgment will issue.

**IT IS SO ORDERED.**

August 21, 2014

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**